# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON | No. 53033-3-II |
| Respondent, | |
| v. | |
| MATTHEW CHRISTIAN CALDWELL, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Matthew Christian Caldwell appeals his conviction for unlawful possession of a controlled substance, methamphetamine, with intent to deliver within 1,000 feet of a school. He contends the trial court erred in denying his motion to suppress the contraband found on him and inside his vehicle because the stop that led to the discovery of these items was pretextual. We affirm.

## FACTS[1]

Longview Police Detective Calvin Ripp was standing outside of a hotel during the execution of a search warrant when Caldwell pulled into the hotel's parking lot. Ripp could hear that the vehicle obviously did not have a muffler. Caldwell appeared to be heading to a parking spot near the room the officers were searching. The hotel was in a high crime area. Caldwell went from "calm to panicking" when he saw the officers at the hotel. Clerk's Papers (CP) at 42.

---

[1] The following facts rely in part on the trial court's CrR 3.6 findings of fact, which are unchallenged and therefore verities on appeal. *State v. O'Neill*, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

Ripp decided to contact Caldwell for the infraction of driving a vehicle not being equipment with a muffler.[2] Ripp also wanted to contact Caldwell because he was in a high crime area, he appeared to be going to the hotel room where officers were serving a search warrant, and Caldwell's reaction when he saw police.

Ripp approached Caldwell and asked for his license and registration. Ripp discovered Caldwell had an outstanding arrest warrant. In a search incident to arrest, Ripp found $5,269 in Caldwell's pocket. In Caldwell's vehicle, officers found plastic bags, a digital scale, and methamphetamine.[3] The hotel had a school within 1,000 feet of it.

The State charged Caldwell with possession of a controlled substance with intent to deliver within 1,000 feet of a school. Caldwell filed a motion to suppress the evidence seized during the search. Caldwell argued that Ripp did not have probable cause to stop Caldwell. During the motion hearing, Caldwell also argued that the stop was pretextual.

The trial court denied the motion, concluding "Ripp had probable cause to believe that [Caldwell] had committed a traffic violation by driving a vehicle with no muffler." CP at 42. During its oral ruling, the court also concluded the stop was not pretextual because an infraction first occurred in front of the officer and then other suspicious activity occurred giving rise to the stop. The court stated that this situation is different than if the officer first "had the suspicion and then . . . followed [Caldwell] out onto the streets until he had . . . actually observed the infraction." Report of Proceedings (Oct. 17, 2018) at 27.

---

[2] Under RCW 46.37.390(1), "Every motor vehicle shall at all times be equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise."

[3] The search of Caldwell's vehicle was based on community custody violations.

Following a bench trial based on stipulated facts, the court found Caldwell guilty as charged. Caldwell appeals.

## ANALYSIS

Caldwell argues that the trial court erred by concluding Ripp's encounter with Caldwell was not an unlawful pretextual stop. We disagree.

I. STANDARD OF REVIEW

Following a suppression hearing, we review challenged findings of fact to determine whether they are supported by substantial evidence. *State v. O'Neill,* 148 Wn.2d 564, 571, 62 P.3d 489 (2003). Unchallenged findings are verities on appeal, and challenged findings supported by substantial evidence are binding. *O'Neill*, 148 Wn.2d at 571. We review the trial court's conclusions of law following a suppression hearing de novo. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). We affirm conclusions of law that are supported by the findings of fact. *State v. Vickers*, 148 Wn.2d 91, 116, 59 P.3d 58 (2002).

II. Legal Principles

Under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington State Constitution, a police officer generally cannot seize a person without a warrant. *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Warrantless searches are presumed unreasonable subject to a few exceptions that are narrowly drawn. *State v. Tyler*, 177 Wn.2d 690, 698, 302 P.3d 165 (2013). A lawful *Terry*[4] stop is one of the exceptions to the warrant requirement. *State v. Ladson*, 138 Wn.2d 343, 349, 979 P.2d 833 (1999).

---

[4] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

"For a *Terry* stop to be permissible, the State must show that the officer had a 'reasonable suspicion' that the detained person was, or was about to be, involved in a crime." *State v. Z.U.E.*, 183 Wn.2d 610, 617, 352 P.3d 796 (2015) (quoting *State v. Acrey*, 148 Wn.2d 738, 747, 64 P.3d 594 (2003)). If an officer has a reasonable articulable suspicion that a suspect is involved in criminal activity, the officer may detain the suspect, request him or her to produce identification, and ask him or her about his or her activities. *State v. Little*, 116 Wn.2d 488, 495, 806 P.2d 749 (1991). *Terry* stops have been extended to traffic infractions. *State v. Duncan*, 146 Wn.2d 166, 173-74, 43 P.3d 513 (2002).

But the stop must not be pretextual. *Ladson*, 138 Wn.2d at 358. A traffic stop is pretextual when an officer relies on some legal authorization as a mere pretext to justify the seizure when the true reason for the seizure is not constitutionally justified. *Ladson*, 138 Wn.2d at 358. "[A] traffic stop is not unconstitutionally pretextual so long as investigation of either criminal activity or a traffic infraction (or multiple infractions), for which the officer has a reasonable articulable suspicion, is an actual, conscious, and independent cause of the traffic stop." *State v. Arreola*, 176 Wn.2d 284, 297, 290 P.3d 983 (2012). When determining whether a stop is pretextual, we "consider the totality of the circumstances, including both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior. *State v. Boisselle*, 194 Wn.2d 1, 15, 448 P.3d 19 (2019) (quoting *Ladson*, 138 Wn.2d at 359). "When an unconstitutional search or seizure occurs, all subsequently uncovered evidence becomes fruit of the poisonous tree and must be suppressed." *Ladson*, 138 Wn.2d at 359.

Here, based on the unchallenged findings of fact, Ripp stood outside a hotel while other officers executed a warrant. Caldwell pulled into the hotel parking lot with a loud vehicle that did not have a muffler. This is a traffic infraction. RCW 46.37.390(1). Ripp decided to contact

Caldwell based on the traffic violation. Ripp lawfully asked for Caldwell's identification. *Little*, 116 Wn.2d at 495. Ripp then learned about a warrant for Caldwell's arrest. An arrest and subsequent search incident to the arrest were lawfully conducted. *See State v. Rothenberger*, 73 Wn.2d 596, 599, 440 P.2d 184 (1968) (after learning Rothenberger was wanted on a felony charge, police officer had "not only . . . the right but the duty to pursue Rothenberger and arrest him.").

Caldwell relies on *Boisselle* to argue the stop was pretextual, but that case is distinguishable. There, law enforcement arrived at a home based on two anonymous tips of criminal activity, smelled what they thought was a decomposing body, and then waited 2 hours to enter the home. *Boisselle*, 194 Wn.2d at 15. Officers justified their warrantless entry on the emergency aid community caretaking function. *Boisselle*, 194 Wn.2d at 15. The trial court denied Boisselle's motion to suppress evidence found inside the home and the court of appeals affirmed. *Boisselle*, 194 Wn.2d at 7-8. The Supreme Court reversed, holding that because "the officers used the emergency aid community caretaking function as a mere pretense for an evidentiary search . . . the officers' warrantless search of Boisselle's home was pretextual." 194 Wn.2d at 16. The facts in *Boisselle* are distinguished from the facts of this case. Ripp did not approach Caldwell to justify a suspicion that he was involved in drug activity; rather, Ripp approached him because he witnessed a traffic violation. Ripp then discovered a valid arrest warrant. He conducted a search pursuant to Caldwell's arrest on the warrant. That search resulted in the seizure of the contraband.

The findings of fact support the trial court's conclusion that the stop was not pretextual. Thus, the trial court did not err in denying Caldwell's motion to suppress.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Sutton, J.